**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ARCHIE RACHEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-141-R |
| | ) |
| JEFFREY TROUTT, D.O; TAMI GROGAN, | ) |
| Health Services Administrator; | ) |
| JANET DOWLING, Warden; GENESE | ) |
| MCCOY, Administrative Review | ) |
| Authority; CARL PETTIGREW, President | ) |
| Of the Oklahoma Board of Osteopathic | ) |
| Examiners; ALL SUED IN BOTH THEIR | ) |
| OFFICIAL AND INDIVIDUAL CAPACITIES | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Archie Rachel, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). This Report and Recommendation concerns the disposition of two motions concerning Defendant Carl Pettigrew, identified by Plaintiff as the "President of Oklahoma Board of Osteopathic Examiners." Defendant Pettigrew has filed a Motion to Dismiss, (ECF No. 43), to which Plaintiff has responded. (ECF No. 49). Additionally, Plaintiff has filed a Motion for Summary Judgment against Defendant Pettigrew to which he has attached discovery documents he received from Defendant Pettigrew (ECF No. 69).

Also pending is Plaintiff's motion to temporarily stay proceedings based on a recent transfer to a difference correctional facility where he does not have inmates to help him with his pleadings. (ECF No. 80). This Court has ordered a response to that motion. But because the matter regarding Defendant Pettigrew's motion for dismissal and Plaintiff's motion for summary judgment against Defendant Pettigrew are fully briefed and ripe for disposition, Defendant Pettigrew should be relieved from the responsibility to respond to Plaintiff's latest motion.

## I. BACKGROUND AND ISSUES PRESENTED

At all times pertinent to the motions under consideration, Plaintiff was an inmate confined at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. The crux of Plaintiff's Complaint is that when he was transferred to JCCC, Dr. Troutt discontinued Plaintiff's prescriptions and was, therefore, deliberately indifferent to his serious medical needs. Plaintiff's complaint contains the following accusations against Dr. Pettigrew:

> Plaintiff and about 20 other JCCC inmates sent the Board detailed individual complaints about JCCC physician Jeffrey Troutt, D.O. in 2014 to no avail. Plaintiff then sent Carl Pettigrew a personal letter asking whether the Board had investigated his complaint and taken any action against Dr. Troutt. There was no reply. He has the responsibility under state laws 59 O.S. 626, 637, [and] 637.1 to investigate such complaints and take appropriate action. His failure to do so is deliberate indifference towards Plaintiff's and other inmates' serious risk of harm. He has the authority to investigate and sanction osteopathic doctors upon complaints but has refused to do so out of deliberate indifference. He has been negligent and has abused his power. Since this involves life threatening situations, it is a very serious matter and actionable under 42 U.S.C. 1983. As an 8th Amendment violation.

(ECF No. 1:15-16). In addition to seeking monetary damages, Plaintiff seeks "injunctive relief in the form of a prospective order for Defendants to provide Plaintiff with prompt and adequate medical care on an ongoing basis." (ECF No. 1:18).

## II. ANALYSIS

### A. Claims against Defendant Pettigrew in his Official Capacity

"To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Neither a state, a state agency, nor an official of the State acting in his or her official capacity, is a "person" for purposes of § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64, 71 (1989). *See also Branson School District RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) (noting that when suit is brought against a state official in his official capacity, the real party in interest is the state). Thus, Eleventh Amendment sovereign immunity precludes suits for monetary damages against states, state agencies and state officials sued in their official capacities.

Unlike other jurisdictional issues, a State may waive the defense of sovereign immunity. The State of Oklahoma has not, however, waived its sovereign immunity defense against § 1983 claims brought in federal district court cases. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994).

In a Report and Recommendation filed July 16, 2015, the undersigned magistrate judge recommended the complaint be dismissed upon initial review as to the official

3

capacity claims against Defendant Pettigrew. (ECF No. 13). By order of January 1, 2016, the district court rejected the Report and Recommendation as to official capacity claims against Defendant Pettigrew seeking prospective injunctive relief. (ECF No. 15:1).

After further consideration of Plaintiff's claims for prospective injunctive relief and a review of the statutes Plaintiff cites regarding the duties of the State Board of Osteopathic Examiners, it appears that Defendant Pettigrew's statutory duties, as outlined in the statutes cited by Plaintiff, never included the power to order employees of the Department of Corrections to provide an inmate "prompt and adequate medical care on an ongoing basis." Moreover, one of the statutes referenced in Plaintiff's motion for summary judgment—Okla. Stat. tit. 74 § 3906(2)—terminates the statutory entity of which Defendant Pettigrew was president, effective July 1, 2016. Therefore, an order for prospective injunctive relief against Defendant Pettigrew is now moot. For theses reasons, it is recommended that Plaintiff's motion for summary judgment as to the official claims against Defendant Pettigrew be denied and Defendant Pettigrew's motion to dismiss official capacity claims against him be granted.

### B. Individual Claims against Defendant Pettigrew

In the above-referenced Report and Recommendation, the undersigned magistrate judge recommended dismissal of the individual capacity claims against Defendant Pettigrew based on his lack of personal participation in the alleged Eighth Amendment violations. The district court did not adopt the Report and Recommendation as to the individual capacity claims concluding, "Defendant

4

Pettigrew's inaction or failure to respond to Plaintiff's complaints could amount to deliberate indifference to Plaintiff's serious medical needs."

The Eighth Amendment, through its prohibition of cruel and unusual punishment, requires prison officials to provide humane conditions of confinement, which includes, *inter alia*, ensuring that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Plaintiff's Eighth Amendment claims are premised on his allegations that the medical care he has received at JCCC is not constitutionally adequate. However, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Swarbrick v. Frantz*, No. 11–cv–01696–WYD–MJW, 2012 WL 833882, at *8 (D. Colo. Feb. 21, 2012) ("The courts require direct, personal participation in the alleged constitutional violations ...."). The actions or inactions of Defendant Pettigrew do not rise to the level of "direct personal participation." Plaintiff has established no link between the actions or inactions of Defendant Pettigrew and Dr. Troutt's alleged civil rights violations.

Moreover, in his complaint, Plaintiff alleges Defendant Pettigrew did not respond to written complaints Plaintiff had sent him regarding Defendant Troutt's medical care. (ECF No. 1:7, 15). Ironically, however, Plaintiff has attached as Exhibit 2 to his motion for summary judgment a copy of a letter he received from Deborah J. Bruce, Executive Director of the Oklahoma State Board of Osteopathic Examiners, responding to Plaintiff's report regarding Dr. Troutt's medical care. The letter is dated April 10, 2014, almost a year before this action was filed:

5

> We are in receipt of your report on [Dr. Troutt]. In cases such as yours, where allegations are made against a Department of Corrections physician, the report will be forwarded to the Chief Medical Officer for the Department of Corrections. We respectfully suggest you file an internal grievance and request that your medical records be reviewed.

(ECF No. 69-2). This exhibit attached to Plaintiff's motion for summary judgment demonstrates that Plaintiff's allegation regarding Defendant Pettigrew's failure to respond to his complaints about Dr. Troutt is patently false. Accordingly, it is recommended that Plaintiff's motion for summary judgment on individual capacity claims against Defendant Pettigrew be denied and Defendant Pettigrew's motion to dismiss be granted.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Summary Judgment **(ECF No. 69)** as to claims lodged against Defendant Pettigrew be **DENIED.** It is further recommended that Defendant Pettigrew's Motion to Dismiss **(ECF No. 43)** be **GRANTED**. Finally, it is recommended that Defendant Pettigrew be **relieved of his duty to respond** to Plaintiff's motion to stay proceedings (ECF No. 80).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **August 8, 2016**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation **DOES NOT DISPOSE OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

ENTERED on July 21, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE