# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARCHIE RACHEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-141-R |
| | ) | |
| JEFFREY TROUTT, D.O; TAMI GROGAN, | ) | |
| Health Services Administrator; | ) | |
| JANET DOWLING, Warden; GENESE | ) | |
| MCCOY, Administrative Review | ) | |
| Authority; CARL PETTIGREW, President | ) | |
| Of the Oklahoma Board of Osteopathic | ) | |
| Examiners; ALL SUED IN BOTH THEIR | ) | |
| OFFICIAL AND INDIVIDUAL CAPACITIES | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Archie Rachel, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Before the Court is Plaintiff's Motion for Emergency Injunction **(ECF No. 26)**. Defendants have responded (ECF No. 58), and Plaintiff has replied (ECF No. 61). It is recommended that Plaintiff's motion be **DENIED AS MOOT**.

## I.   BACKGROUND

At the time he filed the motion under consideration, Plaintiff was an inmate confined at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. Plaintiff's allegations against defendants center around the medical care he received or did not receive while an inmate at JCCC.

Plaintiff filed this Motion for Emergency Injunction on February 19, 2016. After filing this motion for injunctive relief, Plaintiff notified the Court that he had been transferred from JCCC to the Cimarron Correctional Facility (CCF). (ECF No. 79).

## II. PLANTIFF'S MOTION FOR EMERGENCY INJUNCTION

In his motion for emergency injunctive relief now under consideration, Plaintiff seeks an order requiring Defendant Troutt to provide him with "Prilosec or an equivalent stomach medicine, and an effective pain medication." (ECF No. 26:1).

## III. ANALYSIS

Plaintiff's motion for injunctive relief pertains to alleged constitutional violations by a single defendant, Dr. Troutt. Plaintiff seeks prospective injunctive relief in the form of an order directed to Dr. Troutt, who is employed at a facility where Plaintiff is no longer incarcerated. Accordingly, this Court must determine whether Plaintiff's transfer mooted his claim for injunctive relief. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1113-14 (10th Cir. 2016) (internal quotations and citations omitted).

### A. The Mootness Doctrine

"The crux of the mootness inquiry in an action for prospective relief is whether the court can afford meaningful relief that will have some effect in the real world." *Rezaq v. Nalley*, 677 F.3d 1001, 1008 (10th Cir. 2012) (internal citations and quotations omitted). When prospective equitable relief is requested, the requesting party must show an ongoing, personal stake in the outcome of the controversy, a likelihood of

substantial and immediate irreparable injury, and the inadequacy of remedies at law. *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (*citing O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea*, 414 U.S. at 495–96.

A claim will be "deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (quotations omitted). Because Plaintiff is no longer at JCCC and no longer under the care of Defendant Troutt, granting Plaintiff's motion for injunctive relief would have no effect in the real world, nor would it affect the behavior of the Defendant Troutt toward the plaintiff. Accordingly, absent a narrow exception to the doctrine of mootness, Plaintiff's motion for emergency injunction is moot.

### B. Exception to Mootness

A narrow exception to the mootness doctrine is available for a special category of disputes that are "'capable of repetition'" while "'evading review.'" *Turner v. Rogers*, 534 U.S. 431, 439 (2011) (*quoting Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)). A dispute falls into that category, and a case based on that dispute remains live, if "'(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" *Id.* at 220 (*quoting Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). But "a mere physical or theoretical possibility" that the complaining party may be subjected to the same action

again is insufficient to satisfy the second prong of the test. *See Murphy v. Hunt*, 455 U.S. 478, 479 (1982). Rather, there must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party. *Id.* (*quoting Weinstein v. Bradford, supra*, at 149); *see also Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that a prisoner's transfer moots his request for injunctive relief for denial of access to courts in the facility from which he was transferred); *Beyah v. Coughlin*, 789 F.2d 986, 988 (2nd Cir. 1986) (holding similarly in the context of alleged deprivations of constitutional rights); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding similarly in the context of inadequate conditions of confinement); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984) (concluding that a prisoner's argument that "there is no assurance that he will not be returned to the [first] jail" is not a defense to mootness).

The record reflects that, ironically, Plaintiff actually wants to be transferred back to JCCC (ECF No. 80). His request calls into question his claims of deliberate indifference to his serious medical needs. Moreover, prisoners have no constitutional right to placement in a particular penal institution. *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992). Accordingly, Plaintiff's requested injunctive relief does not fall within the narrow exception to mootness, and the motion for emergency injunction should be denied as moot.

## RECOMMENDATION

Because Plaintiff is no longer incarcerated at JCCC and, thus, no longer under the care of Dr. Troutt, Plaintiff's Motion for Emergency Injunction **(ECF No. 26)** should be **DENIED AS MOOT**.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **August 11, 2016**. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation **DOES NOT DISPOSE OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on July 25, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE