# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARCHIE RACHEL, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY TROUTT, D.O; TAMI GROGAN, )<br>Health Services Administrator; )<br>JANET DOWLING, Warden; GENESE )<br>MCCOY, Administrative Review )<br>Authority; CARL PETTIGREW, President )<br>Of the Oklahoma Board of Osteopathic )<br>Examiners; ALL SUED IN BOTH THEIR )<br>OFFICIAL AND INDIVIDUAL CAPACITIES )<br>)<br>    Defendants. ) | Case No. CIV-15-141-R |

## REPORT AND RECOMMENDATION

Plaintiff Archie Rachel, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Before the Court is Plaintiff's Petition for Injunction or TRO (motion) **(ECF No. 29)**. For the following reasons, it is recommended that Plaintiff's motion be **DENIED**.

## I.   BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate confined at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. By this action, Plaintiff sues Tami Grogan, Health Services Administrator ("HSA"); Jeff Troutt, D.O., Chief Medical Officer at JCCC; Genese McCoy, Administrative Review Authority; and Carl Pettigrew,

President of the Oklahoma Board of Osteopathic Examiners. All defendants are sued in both their individual and official capacities. (ECF No. 1:1-3). The crux of Plaintiff's complaint is that defendants have been deliberately indifferent to his serious medical needs in violation of the Eight Amendment.

## II. PLANTIFF'S MOTION FOR TRO/INJUNCTION

In his motion for injunctive relief now under consideration, Plaintiff contends officials at JCCC took various retaliatory actions against him for filing this action. He refers to "notices" of retaliatory actions he has filed in this case, but these notices are not motions upon which this Court could act. Plaintiff's claims reach far beyond the allegations in his complaint. He claims unidentified persons "moved [him] from a safe environment to a very dangerous environment, then dropped him from Level 4 to Level 1." (ECF No. 29:1).

Plaintiff next states the JCCC chaplain, Joy Drawbridge, who is not a party to this case, issued a notice of "Religious Diet Suspension" on February 23, 2016, stating that Plaintiff would be restricted from receiving kosher meals for thirty days. According to Plaintiff, Drawbridge took this action based on the statement of an unidentified witness who alleged Petitioner had eaten a non-kosher meal in the chow hall on February 16, 2016. Plaintiff states he needs a kosher diet for religious reasons and for his health problems. He contends that the deprivation of the kosher diet was both retaliatory and a violation of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

2

## III. ANALYSIS

Plaintiff's motion for injunctive relief should be denied on two grounds. First, the prison officials whose conduct is the subject of the instant motion are not parties to the case, and their conduct is not related to the events giving rise to this lawsuit. *See DeBeers Consolidated Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunctive relief is only appropriate to grant intermediate relief of same character as that which may ultimately be granted); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (movant must establish relationship between injury claimed in motion and conduct asserted in complaint).

Moreover, this Court received a Notice of Change of Address on July 11, 2016, stating that Plaintiff is now incarcerated in the Cimarron Correctional Facility (CCF). Plaintiff's transfer renders his motion for extraordinary relief moot. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1113-14 (10th Cir. 2016) (internal quotations and citations omitted).

### A. The Mootness Doctrine

"The crux of the mootness inquiry in an action for prospective relief is whether the court can afford meaningful relief that will have some effect in the real world." *Rezaq v. Nalley*, 677 F.3d 1001, 1008 (10th Cir. 2012) (internal citations and quotations omitted). When prospective equitable relief is requested, the requesting party must show an ongoing, personal stake in the outcome of the controversy, a likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law.

*Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (*citing O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea*, 414 U.S. at 495–96.

A claim will be "deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (quotations omitted). Because Plaintiff is no longer at JCCC and no longer subjected to the conditions of which he complains in his motion, Plaintiff's request for injunctive relief is moot, unless he demonstrates the Court should apply a narrow exception to the doctrine of mootness.

### B. Exception to Mootness

A narrow exception to the mootness doctrine is available for a special category of disputes that are "'capable of repetition'" while "'evading review.'" *Turner v. Rogers*, 534 U.S. 431, 439 (2011) (*quoting Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)). A dispute falls into that category, and a case based on that dispute remains live, if "'(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" *Id.* at 220 (*quoting Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). But "a mere physical or theoretical possibility" that the complaining party may be subjected to the same action again is insufficient to satisfy the second prong of the test. *See Murphy v. Hunt*, 455 U.S. 478, 479 (1982). Rather, there must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same

4

complaining party. *Id.* (*quoting Weinstein v. Bradford, supra*, at 149); *see also Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that a prisoner's transfer moots his request for injunctive relief for denial of access to courts in the facility from which he was transferred); *Beyah v. Coughlin*, 789 F.2d 986, 988 (2nd Cir. 1986) (holding similarly in the context of alleged deprivations of constitutional rights); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding similarly in the context of inadequate conditions of confinement); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984) (concluding that a prisoner's argument that "there is no assurance that he will not be returned to the [first] jail" is not a defense to mootness).

The record reflects, ironically, that Plaintiff actually wants to be transferred back to JCCC (ECF No. 80). His request calls into question his claims of deliberate indifference to his serious medical needs. Moreover, prisoners have no constitutional right to placement in a particular penal institution. *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992). Accordingly, Plaintiff's requested injunctive relief does not fall within the narrow exception to mootness, and the motion for emergency injunction should be denied as moot.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for TRO/Injunction **(ECF No. 29)** be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **August 11, 2016**. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation **DOES NOT DISPOSE OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

ENTERED on July 25, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE