# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARCHIE RACHEL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-141-R |
| JEFFREY TROUTT, D.O; TAMI GROGAN, Health Services Administrator; JANET DOWLING, Warden; GENESE MCCOY, Administrative Review Authority; CARL PETTIGREW, President Of the Oklahoma Board of Osteopathic Examiners; ALL SUED IN BOTH THEIR OFFICIAL AND INDIVIDUAL CAPACITIES | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Archie Rachel, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Before the Court is Plaintiff's Motion for Injunction to Prohibit Retaliatory Transfer of Plaintiff **(ECF No. 37)**. For the following reasons, it is recommended that Plaintiff's motion be **DENIED**.

### I. BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate confined at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. By this action, Plaintiff sues Tami Grogan, Health Services Administrator ("HSA"); Jeff Troutt, D.O., Chief Medical Officer at JCCC; Genese McCoy, Administrative Review Authority; and Carl Pettigrew,

President of the Oklahoma Board of Osteopathic Examiners. All defendants are sued in both their individual and official capacities. (ECF No. 1:1-3). The crux of Plaintiff's complaint is that defendants have been deliberately indifferent to his serious medical needs in violation of the Eight Amendment.

## II. PLANTIFF'S MOTION FOR INJUNCTION

When he filed this motion for injunctive relief, Plaintiff still confined at JCCC, the facility where all the alleged constitutional violations took place. Plaintiff alleges that his unit manager, Dan Grogan, who is not a party to this case, threatened to have Plaintiff "medically transferred" because Plaintiff did not like Defendant Troutt. Plaintiff then attempts to advance a theory that Dan Grogan and his wife, Defendant Tami Grogan, were conspiring to effectuate Plaintiff's transfer. Thereafter, this Court received a Notice of Change of Address on July 11, 2016, stating that Plaintiff is now incarcerated in the Cimarron Correctional Facility (CCF).

## III. ANALYSIS

Plaintiff's transfer renders his motion for extraordinary relief moot. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1113-14 (10th Cir. 2016) (internal quotations and citations omitted).

"The crux of the mootness inquiry in an action for prospective relief is whether the court can afford meaningful relief that will have some effect in the real world." *Rezaq v. Nalley*, 677 F.3d 1001, 1008 (10th Cir. 2012) (internal citations and quotations omitted). When prospective equitable relief is requested, the requesting party must

show an ongoing, personal stake in the outcome of the controversy, a likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law. *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (*citing O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea*, 414 U.S. at 495–96.

A claim will be "deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (quotations omitted).

The Court recognizes that when Plaintiff filed his motion for extraordinary relief he was still confined at JCCC and the transfer had not yet occurred. But even if Plaintiff's request for relief were not moot, the denial of his motion for injunctive relief would have been denied. A prisoner "has no constitutional right to placement in a particular penal institution[.]" *Lee v. Johnson*, 2002 WL 188970, at *1 (10th Cir. 2002) (*citing Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Injunction to Prohibit Retaliatory Transfer of Plaintiff **(ECF No. 37)** be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **August 11, 2016**. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation **DOES NOT DISPOSE OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

ENTERED on July 25, 2016.

*Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE