# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARCHIE RACHEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-141-R |
| JEFFREY TROUT, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin [Doc. 104] recommending that Defendants' Motion to Dismiss be GRANTED in part and DENIED in part. The Magistrate concluded that while Plaintiff had failed to state a claim against Defendants in their official capacities, he had nevertheless stated claims against Defendants in their individual capacities. Both Plaintiff Archie Rachel and Defendants have objected [Docs. 107, 109]. The Court reviews the Report and Recommendation de novo in light of Plaintiff's and Defendants' objections.

Plaintiff states that he has no objections to the dismissal of his claims against Defendants in their official capacity. Yet he also asks this Court for a declaratory judgment that Defendants are liable in their official capacities for their alleged deliberate indifference. Doing so, however, would misconstrue the law regarding the Eleventh Amendment and damages under 42 U.S.C. § 1983, as correctly explained by the Magistrate Judge. Plaintiff's objection is therefore overruled.

Defendants object on the ground that Mr. Rachel has failed to state a claim for Eighth Amendment deliberate indifference against Defendants due to his failure to plead any link between Defendants and alleged constitutional violations. But this Court already rejected the notion that Mr. Rachel's pleadings failed to state an Eight Amendment claim, at least as it pertained to Defendants' liability in their *individual capacities* for deliberate indifference and supervisory liability:

- "Plaintiff's emergency grievances were medical grievances related to Plaintiff's extreme pain and Dr. Troutt's failure to examine or treat Plaintiff." [Doc. 15, at 2].

- "[D]ismissal of Defendant McCoy for lack of personal participation[,] which the Magistrate recommended, would be improper. Likewise, the dismissal of Defendants Dowling, McCoy and Grogan for lack of supervisory liability, which the Magistrate recommended, is improper because Plaintiff adequately alleged an affirmative link between such supervisors and the constitutional violations." [*Id.* at 3].

- "[T]he Court concludes that Plaintiff's allegations of extreme or great pain resulting from the refusal of Defendant Grogan to consider Plaintiff's emergency grievances and Defendant Trout's refusal to look at Plaintiff's sores amounted to deliberate indifferences to Plaintiff's extreme pain are sufficient to state Eighth Amendment claims." [*Id.* at 4].

In sum, the Magistrate's Report and Recommendation [Doc. 104] is ADOPTED. Defendants' Motion to Dismiss [Doc. 46] is GRANTED in part and DENIED in part. This matter is re-referred to Magistrate Judge Shon T. Erwin for further proceedings in accordance with the original referral entered herein.

IT IS SO ORDERED this 21st day of April 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE